Clinton v. Porter.

## CLINTON against PORTER.

If on demand of *oyer*, that given be different from that set out, the plaintiff cannot, without rule or notice after service of a true *oyer*, sign judgment by default. If it be done the court will set it aside, with costs.

IN debt on a bond, the plaintiff set out the real *oyer* of it. The defendant then demanded oyer, which was given to him variant from that *set out*, on which the defendant pleaded *non est factum*. The plaintiff then, without any rule or notice, served a fresh oyer, setting out the bond and condition truly; twenty days having elapsed, he signed judgment by default.

*Emott,* on affidavit disclosing the above facts, moved to set aside the default and subsequent proceedings.

*Van Vechten,* contra, insisted that the case was within the eighth rule of April, 1796, which allows of amending declarations, &c., and that all permitted by that rule might be done of course.

*Per Curiam.* Take the effect of your motion with costs.[1]

Motion granted.

[1] Where the *oyer* varies from the instrument declared on, the defendant may set it forth in his plea and demur, or he may, without setting it forth, plead *non est factum,* and avail himself of the variance at the trial. *Ehle* v. *Purdy,* 6 Wend. 629. After twelve days demand of *oyer* by the plaintiff of a release pleaded by the defendant, he may treat the plea as a nullity and enter the defendant's default. *Field* v. *Goodman,* 4 Wend. 214. A small difference between the *oyer* of a bond and the declaration is not regarded. *Henry* v. *Brown,* 19 J. R. 49. The defendant has the same time to plead after delivery as at the time of demand. *Mu'holand* v. *Van Tine,* 8 Cow. 132; see *Varick* v. *Bodine,* 3 Hill, 444.